

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **PERRY JACKSON** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 00-0322** |
| **STATE OF LOUISIANA** | * | **SECTION "A" (6)** |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DENIED WITH PREJUDICE** as untimely.

### I. PROCEDURAL HISTORY

On September 22, 1994, petitioner Perry Jackson pled guilty in two consolidated cases, No. 371-184 (2 counts of forgery) and 371-460 (1 count of forcible rape).[1] On that same

---

[1] In return for his guilty pleas, the State entered a nolle prosequi as to two additional counts of forgery and also agreed not to file a multiple bill. See Docket Entries dated 9/22/94, State Rec. Vols. 1 & 2.

DATE OF ENTRY
MAY 23 2000

MAY 23 2000

DATE OF MAILING

date, Jackson was sentenced to serve five years on each count of forgery and to five years on the forcible rape count, each sentence to run concurrently. Despite the State's contention to the contrary, Jackson does not appear to have taken an appeal of his convictions and sentences but instead filed[2] a "Petition for Writ of Mandamus" with the trial court, challenging the Orleans Parish Sheriff's failure to transfer him to serve his time in the Department of Corrections. The trial court denied the motion on March 13, 1995. See, State Rec. Vol. 1. The Louisiana Court of Appeal for the Fourth Circuit also denied petitioner's request for review of the trial court's decision, finding that the district court did not have jurisdiction over the physical placement of prisoners in penal facilities. *State v. Perry Jackson*, writ no. 95-K-0485 (La. App. 4th Cir., April 7, 1995). The Louisiana Supreme Court denied Jackson's request for supervisory writs on May 19, 1995. *State ex rel. Perry Jackson v. State*, 654 So.2d 1092 (La. 1995) (95-KH-1079).

Sometime prior to December 1994, Jackson filed a motion for production of documents which was granted by the trial court, on March 14, 1995. On or about July 10, 1995, Jackson filed a second motion for production of documents with the trial court, which was granted in part and denied in part on August 17, 1995. Petitioner subsequently appealed this ruling to the Louisiana Court of Appeal for the Fourth Circuit through a writ of mandamus, culminating with that court's denial of the writ as moot, on September 25, 1995. *State v. Perry Jackson*, writ no. 95-K-1773 (La. App. 4th Cir., Sept. 25, 1995). See also, State Rec. Vol. 1.

---

[2] According to the date stamped on petitioner's pleading, Jackson filed the petition for writ of mandamus on or about January 10, 1995.

Petitioner filed his first state post-conviction application, challenging his rape conviction only (case no. 371-460) on or about February 10, 1997.[3] The trial court denied the application on July 30, 1997 in a written opinion. See, Judgment dated July 30, 1997, State Rec. Vol. 2. A writ of mandamus relative to the trial court's alleged failure to act upon the post-conviction application was denied by the Louisiana Court of Appeal, Fourth Circuit on August 15, 1997. See, State Rec. Vol. 2. On March 9, 1998, Jackson filed with the district court a "Petition Requesting to Be Relieved of Duty of Notification, Prescribed Under La. R.S. 15:542B(1)(2)", asserting essentially the same claim raised in his first post-conviction application. On April 8, 1998, the district court again denied petitioner's request for relief. The district court's decisions denying Jackson the right to be relieved of the sex offender notification requirement was upheld by the state appellate court in *State v. Jackson*, 98-K-0585 (La. App. 4th Cir., March 12, 1998) and *State v. Jackson*, 98-K-0891 (La. App. 4th Cir., May 13, 1998). See, State Rec. Vol. 2. The highest state court subsequently denied Jackson's request for supervisory writs. *State ex rel. Perry Jackson*, 724 So.2d 776 (La., September 25, 1998) (98-KH-1229).[4]

---

[3] A copy of the PCR application can be found in State Rec. Vol. 2. The application, however, is not dated. According to Jackson's "Petition for Writ of Certiorari and Prohibition" which petitioner attempted to file with the Louisiana Supreme Court on September 8, 1997 (the petition was returned to Jackson by the Central Staff for failure to comply with documentation procedures), Jackson claims to have first filed the PCR application with the trial court on February 10, 1997. In order to afford petitioner the benefit of the doubt, this court assumes, for purposes of this analysis, that petitioner's application was filed as of February 10, 1997.

[4] Though not relevant for purposes of determining whether petitioner's federal habeas application is timely, the court notes that petitioner also filed a petition for injunctive order which was denied by the trial court on February 7, 2000. The trial court's decision was upheld by the highest state court. See, *State ex rel. Perry Jackson v. State*,-- So. 2d --, 2000 WL 365865, *1 (La. 2000) (2000-KH-0571).

3

Petitioner filed the instant federal *habeas corpus* application[5] on December 27, 1999, the date he signed his federal *habeas* petition.[6] In this petition, Jackson challenges the constitutionality of the provisions of Louisiana Revised Statutes 15:571 relative to diminution of sentence and parole eligibility. The State's response raises the defense that Jackson is time-barred

---

[5]Jackson filed two prior federal *habeas* applications with this court, both dismissed without prejudice for failure to exhaust. See, *Jackson v. Phillips*, CV 97-3612 "A", and, *Jackson v. Department of Corrections*, CV 96-2807 "C". Although not argued before this court, the court recognizes that an open question exists in this circuit regarding whether the AEDPA's mandate to toll its one-year limitations period during the pendency of "other collateral review" applies to properly filed federal *habeas* petitions or only to applications for state review. See, 28 U.S.C. §2244(d)(2). Two circuit courts have addressed the issue, yielding opposite conclusions. *Compare*, *Walker v. Artuz*, 208 F.3d 357 (2d Cir. 2000)(phrase "other collateral review" used in §2244(d)(2) refers to federal habeas petitions) *with Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)(statute of limitations is not tolled under §2244(d)(2)for the time during which a *habeas* petition is pending in federal court). This court agrees with the rationale of *Jones* that the filing of a federal habeas petition does not toll the statute of limitations. See also, *Sperling v. White*, 30 F.Supp. 2d 1246, 1250 (C.D. Cal. 1998)("A natural reading of the statute concludes that section 2244 (d)(2) does not contemplate tolling limitations during the time a habeas petition is pending in federal court.")

[6]When considering the timeliness of a pleading filed by a prisoner acting *pro se*, courts employ the "mailbox rule." *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Under this rule, a pleading is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the Court. *Id*. Review of the instant record shows that petitioner signed his federal *habeas corpus* application on December 27, 1999. It may reasonably be inferred that petitioner delivered his petition to prison officials for mailing on the date he signed it. *See United States v. O'Kaine*, 971 F. Supp. 1479, 1480 (S.D. Ga. 1997) (Court inferred that the signature date on the movant's 28 U.S.C. § 2255 motion to vacate was the date movant deposited the motion with prison officials for forwarding to the Court.)

from pursuing federal habeas relief pursuant to 28 U.S.C. §2244(d)(1) and (2).[7] For the following reasons, the court finds that Jackson is indeed time-barred from federal *habeas* review.

## II. ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),[8] the pertinent provision for purposes of determining the timeliness of a *habeas* petition, can be found in 28 U.S.C. § 2244(d)(1). This provision set forth the possible dates, depending upon the facts at issue, when prescription may commence to run.

### A. Applicability of §2244(d)(1)(A)

Under the general provision set forth in § 2244(d)(1)(A), a petitioner is required to bring his *habeas corpus* claims within one year from:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

---

[7] The State also claims that petitioner has not exhausted the claim currently urged in his federal habeas petition. Petitioner counters the State's defense by providing the court with a letter from the Central Staff of the Louisiana Supreme Court indicating that petitioner's papers in which he urged the claim regarding his good time release were returned to him. The letter indicated, "We are returning your papers to you unfiled. Before any court will rule on your claims, you must exhaust administrative remedies with the Department of Public Safety and Corrections ("DOC"); after you have exhausted administrative remedies, the appropriate initial forum for your action is not this Court but rather the district court for the 19th Judicial District. If you do not receive a satisfactory response there, you must apply for writs to the Court of Appeal, 1st Circuit." Petitioner did not follow the Central Staff's advice and never pursued his remedies before the 19th Judicial District. Therefore, he has failed to exhaust the claim he currently urges before this court.

[8] The AEDPA applies to this case as it was filed after April 24, 1996, the effective date of the AEDPA. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997); *Nobles v. Johnson*, 127 F.3d 409, 414 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998).

In a case such as this one where petitioner plead guilty and took no appeal, petitioner's criminal conviction became final on September 22, 1994, the date of his sentencing. Accordingly, under § 2244(d)(1)(A), petitioner had a year from that date, or until September 22, 1995, to timely seek federal *habeas corpus* relief.  However, the U.S. Fifth Circuit has held that, for a prisoner such as Jackson, whose conviction became final prior to the AEDPA's effective date, a one-year grace period, from April 24, 1996 until April 24, 1997, must be allowed during which a petitioner could timely file a federal post-conviction *habeas* challenge.  *Flanagan v. Johnson*, 154 F.3d 196, 201-02 (5th Cir. 1998).  Thus, under § 2244(d)(1)(A), as modified by *Flanagan*, petitioner had until April 24, 1997 to file the instant *habeas* petition.  Petitioner did not file the instant action until December 27, 1999, the date he signed his *habeas corpus* petition. Accordingly, petitioner's federal *habeas corpus* application must be dismissed as untimely, unless the one-year period was interrupted or tolled in either of the following two ways recognized in the applicable law.

### B. Tolling Provision and Equitable Tolling

First, the AEDPA itself provides for interruption of the one-year limitations period. Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  In this case, the record reveals that petitioner filed his first state post-conviction proceeding on February 10,


1997,[9] with only *73 days* remaining before his *Flanagan* deadline expired. After the trial court's denial of relief on July 30, 1997 and after the Louisiana Court of Appeal, Fourth Circuit's denial of a writ of mandamus[10] on August 15, 1997, petitioner would have had 73 more days until his one year limitations period expired; or in other words, until October 27, 1997. However, petitioner waited an additional 206 days after the Fourth Circuit's August 27, 1997 decision to file of his second state post-conviction application (on March 9, 1998), thus making his federal application untimely.

Moreover, even were the court to assume, *arguendo*, that petitioner had a "pending" collateral proceeding in the state courts until the Louisiana Supreme Court's decision on September 25, 1998 relative to his second state post-conviction proceeding, see, *State ex rel. Perry Jackson*, 724 So.2d 776 (La., September 25, 1998) (98-KH-1229), petitioner would only have had 73 days after September 25, 1998 or until December 7, 1999 to file his federal habeas application. Again, his federal application was not filed until December 27, 1999, too late to meet the December 7, 1999 deadline.

Second, the Fifth Circuit has held that the AEDPA's one-year period of limitations may be equitably tolled, but only in exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, -- U.S.--, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). Since

---

[9] *See* discussion *supra* at p. 3.

[10] While it is questionable whether a writ of mandamus would qualify as a "properly filed application for State post-conviction or other colllateral review" under §2244(d)(2), the court construes the issue in petitioner's favor in an abundance of caution.

*Davis*, the Fifth Circuit has made it clear that a *pro se* prisoner's ignorance or misinterpretation of applicable law does not constitute "exceptional circumstances" for the purpose of equitably tolling the AEDPA's one-year statute of limitations. *See Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. A 'garden variety claim of excusable neglect' does not support equitable tolling." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, -- S.Ct. --, 2000 WL 339442 (Apr. 3, 2000), citing *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). Moreover, in order for equitable tolling to apply, the applicant must diligently pursue his §2254 relief. *Coleman*, 184 F.3d at 403.

Petitioner herein asserts no grounds for equitably tolling the limitations period nor does the court's review of the record reveal a justifiable reason for equitably tolling the one year deadline. Nor does petitioner or the record before this court establish that the provisions of 28 U.S.C. §2244(d)(1)(B)-(D) are applicable to petitioner's case.

## IV. RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that petitioner, Perry Jackson's petition for a writ of *habeas corpus* be DENIED as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 22ND day of May, 2000.

LOUIS MOORE, JR.
United States Magistrate Judge