FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 JUN -1  P 2: 59

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PERRY JACKSON                                    CIVIL ACTION

VERSUS                                           NO. 00-322

STATE OF LOUISIANA                               SECTION "A"

O R D E R

The Court, having considered the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the petitioner's Objections to the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

In his objections to the Magistrate Judge's Report, petitioner Perry Jackson ("Jackson") does not dispute the critical facts upon which the Magistrate Judge's proposed resolution turns. For instance, it is not disputed that the petitioner's criminal convictions and sentence became final prior to the AEDPA's effective date. It is further not disputed that since under § 2244(d)(1)(A), as modified by *Flanagan*, and without the benefit of tolling pursuant to §2244(d)(2), petitioner had from April 24, 1996 until April 24, 1997 to file the instant *habeas* petition.

The record reveals, and petitioner does not dispute that he properly filed his first state post-conviction proceeding with the

1

DATE OF ENTRY
JUN 0 1 2000

state trial court on February 10, 1997 (i.e., leaving only 73 days remaining before the *Flanagan*[1] deadline expired). The Magistrate Judge points out in his report that even assuming that collateral post-conviction proceedings were pending in the state courts up to and including September 25, 1998, when the Louisiana Supreme Court denied writs relative to Jackson's second state post-conviction proceeding, the instant application would be time-barred. With only 73 days remaining untolled in the one-year statutory limitation period, Jackson's federal habeas would be timely only if filed on or before December 7, 1998. The instant application was not filed until December 27, 1999, when the AEDPA's one-year statutory limitation period had expired.

Section 2244(d)(1)(A) time bars any petition not filed within one year of the date on which "judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). When Congress enacted section 2244(d), it clearly anticipated that some petitioners would be foreclosed from bringing their habeas applications because of the newly imposed statute of limitations.

The Court does not find petitioner's objections either persuasive or relevant. Jackson's petition is not being dismissed

---

[1] In *Flanagan v. Johnson*, 154 F.3d 196, 201-02 (5th Cir. 1998), the Fifth Circuit held that in a case where a prisoner's conviction became final before the AEDPA's effective date, a one-year grace period, from April 24, 1996 until April 24, 1997, became the limitation period during which a federal post-conviction challenge would be deemed timely filed. Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Id.

for failure to exhaust as his Objections to the Magistrate Judge's Report suggest. His petition is being dismissed with prejudice pursuant to the federal statute 28 U.S.C. § 2244(d)(1)(A)'s time-bar provision. The result follows from a simple a mathematical calculation involving the effective date of the AEDPA and the time periods any properly filed state post-conviction proceedings were pending so as to toll the running of the AEDPA's statutory one-year limitations period. The Court's ruling is based on the state record which is unrebutted in pertinent part. Factors which have no bearing on the mathematical formula/computation include the applicant's race, socio-economic position and his status as an inmate. Contrary to the petitioner's assertions in his objections to the Magistrate Judge's report, such factors have absolutely no bearing on the time-bar analysis. Also, the instant result was neither commanded nor influenced by any act of Louisiana's state legislature or state politics. It is a **federal** statute, the AEDPA, which governs the disposition of the instant case.

As previously mentioned even assuming that petitioner had collateral proceedings pending in state court from February 10, 1997, when according to petitioner's own account he properly filed his first application for post-conviction relief with the state trial court, up to and including September 25, 1998, the date that the Supreme Court denied writs in connection with his second state habeas petition, only 73 days remained to timely file the instant application for relief. Jackson's federal habeas petition was not

Case 2:00-cv-00322-CS   Document 15   Filed 06/01/2000   Page 4 of 5

filed until December 27, 1999. No circumstances were presented which would justify equitable tolling.

In <u>Villegas v. Johnson</u>, 184 F.3d 467 (5th Cir. 1999), the Fifth Circuit explained that allowing tolling for successive petitions will not extend to an excessive degree the time for filing a federal habeas petition as follows:

> [T]he tolling will last only as long as the state court takes to resolve the pending application because any lapse of time before the state application is properly filed will be counted against the one-year limitation period. See *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998). Thus, a prisoner will not be able to revive an expired limitation period by simply filing a state petition in conformity with basic procedural requirements.

The Magistrate Judge correctly counted the lapse of time from April 24, 1996 up to the time when Jackson's first state application was properly filed with the trial court on February 10, 1997 against the AEDPA's one-year limitation period. By petitioner's own account, he failed to properly file his application for post-conviction relief with trial court until February 10, 1997. Even assuming state post-conviction proceedings remained pending from that date until the Louisiana Supreme Court denied writs in connection with Jackson's second state habeas petition on September 25, 1998, the instant petition was time-barred since it was not filed within 73 days (i.e., the period of the AEDPA's one-year limitation period which remained untolled). Jackson's federal habeas petition was not filed until December 27, 1999.

Accordingly,

**IT IS ORDERED** that the application for federal habeas relief of Perry Jackson be and is hereby **DISMISSED WITH PREJUDICE as time-barred**.

New Orleans, Louisiana, this __31st__ day of MAY, 2000.

_____
UNITED STATES DISTRICT JUDGE

cc: all counsel of record